UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X
LENNOX M. LONDON,

               Plaintiff,

                                   <u>MEMORANDUM AND ORDER</u>

     -against-                    20-CV-01991(JS)(AKT)

NASSAU COUNTY CORRECTIONAL FACILITY,
MEDICAL UNIT, Nassau County
Correctional Facility, SHERIFF'S
DEPARTMENT COUNTY OF NASSAU &
OFFICERS, SHERIFF DZURENDA, and
DONNA L. HENIG, M.D.,

               Defendants.
------------------------------------X
APPEARANCES
For Plaintiff:     Lennox M. London, <u>pro se</u>
                  1505154
                  Nassau County Correctional Center
                  100 Carman Avenue
                  East Meadow, New York 11554-1146

For Defendants:    No appearances.

SEYBERT, District Judge:

        On April 27, 2020, incarcerated <u>pro se</u> plaintiff Lennox M. London ("Plaintiff") filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 ("Section 1983") against the Nassau County Correctional Center (improperly named as the "Nassau County Correctional Facility" ("the Jail"); the Jail's "Medical Unit" (the "Medial Unit"); the Sheriff's Department of Nassau County (the "Sheriff's Department") and its "Officers"; Sheriff Dzurenda; and Donna L. Hennig, M.D. ("Dr. Hennig" and collectively, "Defendants") together with an application to proceed <u>in forma</u>

pauperis.  (See Compl., D.E. 1, IFP Mot., D.E. 2.)  However,
Plaintiff did not file the required Prisoner Litigation
Authorization form ("PLRA").  Accordingly, by Notice of Deficiency
dated May 14, 2020, Plaintiff was instructed to complete and return
the enclosed PLRA within fourteen (14) days.  (See D.E. 6.)  On
May 21, 2020, Plaintiff timely filed the PLRA.  (See PLRA, D.E.
7.)  On May 26, 2020, Plaintiff filed a two-page letter supplement
to his Complaint.  (Ltr., D.E. 8.)

Upon review of the declaration in support of the
application to proceed in forma pauperis, the Court GRANTS
Plaintiff's request to proceed in forma pauperis.  However, for
the following reasons, the Complaint is sua sponte DISMISSED WITH
PREJUDICE as against the Jail, the Medical Unit, and the Sheriff's
Department pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii),
1915A(b)(1).  Plaintiff's claims against Sheriff Dzurenda and Dr.
Hennig shall proceed.[1]

BACKGROUND[2]

---

[1] Insofar as Plaintiff seeks to impose liability against the
unidentified "Officers", the sparse allegations generally
against these individuals do not allege a plausible claim for
relief.  See FED. R. CIV. P. 8; see also 28 U.S.C. §§ 1915(e)(2)
(B)(ii), 1915A(b)(1). Should Plaintiff learn the identities of
any individual officers during the course of discovery, he may
seek to leave to amend his Complaint at such time.

[2] All material allegations in the Complaint are presumed to be
true for the purpose of this Order, see, e.g., Rogers v. City of
Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a
pro se complaint for sua sponte dismissal, a court is required

Plaintiff's handwritten Complaint is submitted on the Court's Section 1983 complaint form and generally complains about the Jail's protocol with respect to the COVID-19 virus.[3]  More specifically, Plaintiff alleges that Sheriff Dzurenda, Dr. Hennig, and the Officers came into his unit and distributed a "memo telling us we don't need any COVID-19 tests. We don't need to be tested cause we are safe." (Compl. ¶ II at 4.)  Plaintiff alleges that Dr. Hennig advised that the inmates and officers that have the virus "are in other parts of the building downstairs . . . ." (Compl. ¶ II at 4.)  According to the Complaint, Plaintiff told Dr. Hennig "that new inmates come into our unit from the street and they are sick, they tested positive for the virus and are here with us." (Compl. ¶ II at 4.)  Plaintiff also complains that the corrections officers do not wear masks or gloves, have not provided any sanitizing supplies, and have not put any social distancing measures in place. (Compl. ¶ II at 4.)  Plaintiff complains that he is forced to be in close quarters with inmates "who are showing COVID-19 symptoms". (Compl. ¶ II at 4.)

In the space on the form complaint that calls for a description of any claimed injuries, Plaintiff reports that he has

---

to accept the material allegations in the complaint as true).

[3] Excerpts from the Complaint and Supplement are reproduced here exactly as they appear in the original.  Errors in spelling, punctuation, or grammar have not been corrected or noted.

been diagnosed with tuberculosis and has a weakened immune system and has not received any medical treatment for his "lung disease" and "breathing problems" including "shortness of breath, dry coughing, fever, sneezing, runnie nose and runnie eyes." (Compl. ¶ II.A.)  Plaintiff also claims he is "pre-diabetic" and "they check my blood all the time" and have also given him a nasal spray for his "stuffy" nose.  (Compl. at 7-8.)  Plaintiff also alleges that he suffers from schizophrenia and bipolar disorder for which he takes medication twice a day.  (Compl. ¶ II.A at 4.)  According to the Complaint, Plaintiff's "mental health issues got worse because of fear, stress, worry, anxiety, paranoid, panic, emotional distress."  (Compl. at 7.)

Annexed to the Complaint is a four-page handwritten document entitled "Attachment for Facts" wherein Plaintiff generally complains that the inmates at the Jail are not being released while "in NYC 1500 inmates was released from City jail" by Mayor DeBlasio in response to the COVID-19 virus.  (Compl. at 5.)  Plaintiff also alleges that although Sheriff Dzurenda's memo says that two full-time cleaning crews are working around the clock and are using "CDC approved disinfectant that kills the virus", Plaintiff claims no one has cleaned his unit.  (Compl. at 6.)

Finally, Plaintiff filed a Supplemental document alleging that on April 28, 2020, another inmate housed in close proximity to Plaintiff tested positive for the COVID-19 virus and

was moved to another location. (D.E. 8, Suppl. Ltr., at 1.)   The following day, the cell and common areas of the Jail where this inmate had been were disinfected and every inmate there was given an N95 mask.  (Suppl. Ltr. at 1-2.)  Plaintiff complains that, even though an inmate he was exposed to had tested positive to the COVID-19 virus, he still has not been tested.  (Suppl. Ltr. at 2.)

As a result of the foregoing, Plaintiff seeks to recover, _inter alia_, a damages award in the sum of $2.5 million dollars. (Compl. ¶ III.)

DISCUSSION

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of the application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fees.  <u>See</u> 28 U.S.C. § 1915(a)(1).  Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is GRANTED.

II.   <u>Application of 28 U.S.C. § 1915</u>

Section 1915 of Title 28 requires a district court to dismiss an <u>in forma pauperis</u> complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).  The Court is required to dismiss the action as soon as it makes such a determination.  <u>See id.</u> § 1915A(b); <u>Liner v. Goord</u>,

196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under §§ 1915, 1915A, sua sponte dismissals of frivolous prisoner complaints are not only permitted but mandatory).

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).  However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citation omitted).  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011).  While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

III. Section 1983

Section 1983 provides that

[e]very person who, under color of any

> statute, ordinance, regulation, custom, or
> usage, of any State . . . subjects, or causes
> to be subjected, any citizen of the United
> States . . . to the deprivation of any rights,
> privileges, or immunities secured by the
> Constitution and laws, shall be liable to the
> party injured.

42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Rae v. Cty. of Suffolk, No. 07-CV-2138, 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

> A.   Claims Against the Jail, the Medical Unit, and the Sheriff's Department

Plaintiff's Section 1983 claims against the Jail, the Medical Unit, and the Sheriff's Department are not plausible because these entities do not have an independent legal identity. It is well-established that "under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002); Lukes v. Nassau Cty. Jail, 2012 WL 1965663, *2 (E.D.N.Y. May 29, 2012) (dismissing claims against the Nassau County Jail because it is an "administrative arm of Nassau County, without a legal identity

separate and apart from the County"); Hawkins v. Nassau Cty. Corr. Facility, 781 F. Supp. 2d 107, 109 at n.1 (E.D.N.Y. 2011).

Thus, Plaintiff's Section 1983 claims against the Jail, the Medical Unit, and the Sheriff's Department are not plausible and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(ii); 1915A(b).

B.    Section 1983 Claims Against Sheriff Dzurenda and Dr. Hennig

Though thin, the Court declines to sua sponte dismiss Plaintiff's Section 1983 claims alleged against Sheriff Dzurenda and Dr. Hennig at this early stage of the proceedings. Accordingly, such claims shall proceed.   Given the national emergency caused by the COVID-19 virus, the Court requests that the Nassau County Attorney accept service of the summonses and Complaint on behalf of Sheriff Dzurenda and Dr. Hennig in lieu of personal service by the United States Marshal Service. Accordingly, the Court requests that the Clerk of the Court issue summonses for Sheriff Dzurenda and Dr. Hennig and to mail them together with copies of the Complaint to the Nassau County Attorney.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED, however Plaintiff's claims against the Jail, the Medical Unit, and the Sheriff's Department

are sua sponte DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A (b)(1).   Plaintiff's remaining Section 1983 claims against Sheriff Dzurenda and Dr. Hennig shall proceed. The Court requests that the Nassau County Attorney accept service of the summonses and Complaint on behalf of Sheriff Dzurenda and Dr. Hennig in lieu of personal service by the United States Marshal Service.   Accordingly, the Court requests that the Clerk of the Court issue summonses for Sheriff Dzurenda and Dr. Hennig and mail them the copies of the Complaint and the summonses to the Nassau County Attorney.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

/s/ JOANNA SEYBERT
JOANNA SEYBERT, U.S.D.J.

Dated:    August __27__, 2020
          Central Islip, New York

9